[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10255
Non-Argument Calendar
_____

D.C. Docket Nos. 9:16-cv-80837-KAM; 9:16-bkc-01046-EPK

In re: JOSEPH LLEWELLYN WORRELL,

                                                                    Debtor.

_____

JOSEPH LLEWELLYN WORRELL,

                                                                    Plaintiff-Appellant,

versus

EMIGRANT MORTGAGE COMPANY,
RETAINED REALTY, INC.,
CHAD INGRAM,
SAANA INGRAM,
ILKKA JUHANI SYSIMETSA,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2019)

Before JORDAN, NEWSOM, and FAY, Circuit Judges.

PER CURIAM:

Joseph Llewellyn Worrell, proceeding *pro se*, appeals the district court's order affirming the bankruptcy court's dismissal of his counseled adversary complaint and the denial of his *pro se* motion for reconsideration. The district court agreed with the bankruptcy court that Emigrant could not have violated stay rules under either 11 U.S.C. § 362, or under the Servicemembers Civil Relief Act, 50 U.S.C. § 3953, "because a stay was not in effect at the time of the foreclosure sale" of Worrell's home.

As the second court of review of a bankruptcy court's decision, we will employ the same standards of review as the district court. *In re Gonzalez*, 832 F.3d 1251, 1253 (11th Cir. 2016). Worrell has not preserved any claim of error, however. Although "we read briefs filed by *pro se* litigants liberally, . . . issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam) (citations omitted). Worrell's brief primarily consists of claims regarding unrelated matters, including the history

2

of the SCRA and various contentions about the validity of the underlying foreclosure sale.  At best, he only comments in passing on the district court's conclusion that no stay was in effect.  *Pro se* or not, this is plainly insufficient to preserve his claims.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.").

**AFFIRMED.**